UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| POMPOSO DELACRUZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-2257-CSB-DGB |
| | ) |
| S.A. GODINEZ, KEITH ANGLIN, | ) |
| VICTOR CALLOWAY, ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| MARY MILLER, DR. PAUL TALBOT, and | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Pomposo Delacruz's claims and on his motion for a preliminary injunction.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

1

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Delacruz has filed the instant suit against two sets of Defendants. The first set of Defendants is medical providers: Dr. Paul Talbot,[1] Mary Miller, and Wexford Health Sources, Inc. The second set of Defendants is strictly state employees and agencies: S.A. Godinez, Keith Anglin, Victor Calloway, and the Illinois Department of Corrections. Delacruz alleges that these Defendants are responsible for the lack of medical attention that he has and is receiving for his hemorrhoids. Delacruz asserts that, although he has received some medical attention for his hemorrhoids, the level of care that he has received has been so lacking that it, essentially, constitutes no care at all. As a result, Delacruz complains that Defendants have been and are

---

[1] Delacruz did not list Dr. Talbot as a Defendant on the caption of his Complaint, but it is clear from the body of his Complaint that he intends to sue Dr. Talbot as a party responsible for his constitutional deprivation. Given the liberal reading that the Court must give pro se complaints, the Clerk of the Court is directed to add Dr. Paul Talbot as a party Defendant in this case.

2

deliberate indifferent to his serious medical condition in violation of his Eighth Amendment rights. In addition to filing his Complaint, Delacruz has also filed a motion seeking preliminary injunctive relief.

The Court finds that Delacruz's Complaint states a cause of action against the first set of Defendants but not the second set. The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id*.; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In other words,

> [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts. And although deliberate means more than

> negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference. A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that "[a] prisoner [] need not prove that the prison officials intended, hoped for, or desired the harm that transpired. Nor does a prisoner need to show that he was literally ignored. That the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

Delacruz's Complaint states a claim for deliberate indifference to a serious medical need against Dr. Talbot, Miller, and Wexford Health—but just barely. Delacruz's main complaint is that the care that he received from these Defendants was so deficient that it constituted deliberate indifference. Generally, mere disagreement with a doctor's medical judgment or treatment plan does not constitute deliberate indifference. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007); *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1024 (7th Cir. 1996)(holding that plaintiff's disagreement with a selection of medicine does not constitute deliberate indifference to a serious medical need). Had this been Delacruz's only allegation, the Complaint may not have survived the Court's merit review.

What saves Delacruz's Complaint from summary dismissal is his allegation that these Defendants intentionally misdiagnosed or mistreated his hemorrhoids as a cost-saving
4

mechanism, and that this cost-saving mechanism is a policy instituted by Wexford Health. If Delacruz's allegation is true, Defendants' actions constitute more than just medical malpractice, and his allegation is enough to state a cause of action for deliberate indifference under the Eighth Amendment. *Arnett*, 658 F.3d at 751; *Smith v. Jenkins*, 919 F.2d 90, 92-93 (8th Cir. 1990) (physician's decision to intentionally mistreat inmate can constitute deliberate indifference). Accordingly, the Court finds that Delacruz has stated a cause of action for deliberate indifference to a serious medical need against Dr. Talbot, Miller, and Wexford Health.

The same cannot be said for the second set of Defendants. Godinez, Anglin, and Calloway are all prison or IDOC officials. Generally, in determining the best way to handle an inmate's medical needs, prison officials who are not medical professionals are entitled to rely on the opinions and judgment of medical professionals. *Lee v. Young*, 533 F.3d 505, 511 (7th Cir. 2008); *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006). Delacruz has not alleged that these individuals are medical providers. Delacruz has also failed to allege that these Defendants were personally aware of or personally involved in his diagnosis and/or treatment of his condition. As such, these Defendants are entitled to rely upon the medical professional's opinions, judgment, and treatment, and therefore, the Court finds that Delacruz's Complaint fails to state a cause of action upon which relief can be granted against these Defendants.

## III.
## PRELIMINARY INJUNCTION

Finally, Delacruz has filed a motion seeking a preliminary injunction. Specifically, Delacruz asks the Court to enter an Order requiring Defendants to provide him with "proper medical attention" for his hemorrhoids. Other than asking to be placed under the care of a proctologist, Delacruz does not define the type or scope of the proper medical attention that he seeks.

The standards for entering a temporary restraining order are identical to those for entering a preliminary injunction. *Anthony v. Village of South Holland*, 2013 WL 5967505, * 2 (N.D. Ill. Nov. 8, 2013). "To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enter., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012)(quoting *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).

If the moving party meets these threshold requirements, the district court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The district court must also consider the public's interest in an injunction. *Id*. In this balancing of harms, the district court must weigh these factors against one another "in a sliding scale analysis." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "The sliding scale approach is not mathematical in nature, rather 'it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief.'" *Ty, Inc.*, 237 F.3d at 895-96 (quoting *Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

The Court finds that Delacruz is not entitled to a preliminary injunction because he has failed to demonstrate a likelihood of success on the merits and because he has failed to demonstrate irreparable harm if preliminary relief is not granted. As explained above, Delacruz's Complaint's allegations are not that he did not receive any medical attention or treatment; it is that he did not receive sufficient or proper medical attention. But also as explained above, the Eighth Amendment guarantees a prisoner treatment of his serious medical

needs, not a doctor of his own choosing. *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976); *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985).

In other words, "[a] prisoner has the right to medical care, however, he does not have the right to determine the type and scope of the medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, * 8 (C.D. Ill. Sept. 7, 2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)). "The Eighth Amendment does not require that prisoners receive unqualified access to healthcare. Rather, inmates are entitled only to adequate medical care." *Leyva v. Acevedo*, 2011 WL 1231349, * 10 (C.D. Ill. Mar. 28, 2011)(internal quotations omitted). "Further, a difference of opinion between a physician and the patient does not give rise to a constitutional right, nor does it state a cause of action under § 1983." *Carter*, 2011 WL 3924159 at * 8. "A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. Detella,* 95 F.3d 586, 592 (7th Cir. 1996).

Given the high threshold that Delacruz must cross in order to prevail on his deliberate indifference claim, and given the tenor of his allegations in his Complaint, brief, and affidavit that sound more like a disagreement between a doctor and patient regarding a course of treatment as opposed to deliberate indifference, the Court finds that Delacruz has failed to carry his burden of showing entitlement to a preliminary injunction.

The Court also finds that Delacruz has failed to carry his burden of showing entitlement to a preliminary injunction because he has failed to demonstrate irreparable harm. According to his Complaint, Delacruz has been suffering from his condition for over twenty months, and he

has not alleged that his condition has worsened. Again, because he is receiving some medical attention, the Court is loath to enter the injunction that Delacruz seeks.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Delacruz has not carried his burden of persuasion on each of the elements necessary to enter injunctive relief, and therefore, his motion is denied. *Rust Envt. & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1219 (7th Cir. 1997)(holding that a party seeking a preliminary injunction must satisfy each element of the five-part test).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's motion for emergency medical injunction [4] is DENIED.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim under the Eighth Amendment against Defendants Dr. Paul Talbot, Mary Miller, and Wexford Health Sources, Inc., for deliberate indifference to a serious medical need, and the Clerk of the Court is directed to add Dr. Paul Talbot as a party Defendant in this case. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. The Court finds that Plaintiff's Complaint against Defendants S.A. Godinez, Keith Anglin, Victor Calloway, and the Illinois Department of Corrections fails to state a cause of action upon which relief can be granted, and the Clerk of Court is directed to dismiss these Defendants from this case.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice

and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing them a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6. If a Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic

filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: 1) **ATTEMPT SERVICE ON DEFENDANTS DR. PAUL TALBOT, MARY MILLER, AND WEXFORD HEALTH SOURCES, INC., PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; 3) ADD DR. PAUL TALBOT AS A PARTY DEFENDANT; 4) DISMISS S.A. GODINEZ, KEITH ANGLIN, VICTOR CALLOWAY, AND THE ILLINOIS DEPARTMENT OF CORRECTIONS AS PARTY DEFENDANTS**; **AND 5) SHOW PLAINTIFF'S MOTION FOR EMERGENCY MEDICAL INJUNCTION [4] AS DENIED.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS**

**OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

Entered this 12th day of March 2014.

          /s Colin S. Bruce
          COLIN S. BRUCE
          UNITED STATES DISTRICT JUDGE